UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS CLIFFORD INGRAM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LONG BEACH SUPERIOR COURT, ET AL.,<br><br>　　　　　　Defendant. | Case No. CV 18-3637-DOC (KK)<br><br>MEMORANDUM AND ORDER AFFIRMING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## __INTRODUCTION__

On June 7, 2018, Plaintiff Curtis Clifford Ingram ("Plaintiff"), a state inmate proceeding pro se and in forma pauperis, constructively filed an Objection to Order Dismissing Complaint with Leave to Amend ("Objection") pursuant to Federal Rule of Civil Procedure 72(a). ECF Docket No. ("Dkt.") 11. For the reasons set forth below, the Court AFFIRMS the May 25, 2018 Order Dismissing Complaint with Leave to Amend.

///
///
///
///

## II.

## **BACKGROUND**

On April 25, 2018, Plaintiff constructively filed[1] a civil rights Complaint pursuant to Section 1983 against Kwang Chul Ma, Robert Hight, James Otto, Tyra Baham, Janet Miceli, and Kraig S. St. Pierre ("Defendants"). See Dkt. 1, Compl. at 1-4. Defendants are two alternate public defenders, two deputy district attorneys, a superior court judge, a superior court clerk, and a superior court reporter who were allegedly involved in Plaintiff's mental competency hearings during his state court prosecution. Id. at 1-9. Plaintiff purports to challenge his October 15, 2009 competency hearing and alleges the Defendants "all entered into agreement, course of conduct, conspiracy, to give off appearance of jurisprudence, but – in essence, was a fraud on the court by officers of the court; in conducting inquiry into competency to stand trial without the 'person' who is the focus of such inquiry." Id. at 7-9.

On May 25, 2018, the United States Magistrate Judge issued an Order Dismissing the Complaint With Leave to Amend finding Plaintiff failed to state a claim because defendants Ma and Dixon are not state actors, and defendants Hight, St. Pierre, Otto, Baham, and Miceli are immune from suit. Dkt. 8. Plaintiff was granted twenty-one days from the date of the Order to file a First Amended Complaint. Id. at 8.

On June 7, 2018, Plaintiff constructively filed the instant Objection. Dkt. 11. The matter thus stands submitted.

///

///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

# III.
# DISCUSSION

Pursuant to Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a non-dispositive order issued by a magistrate judge] within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Here, Plaintiff seeks review of a non-dispositive order dismissing his Complaint with leave to amend. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) ("As to non-dispositive matters, Article III appears to create no bar to a greater role for magistrates. Therefore, a magistrate can, for example, dismiss a complaint with leave to amend without approval by the court."). Plaintiff timely filed his Objections within fourteen days of the Court's May 25, 2018 Order. However, Plaintiff fails to identify any clearly erroneous factual conclusions or legal conclusions that are contrary to law.

Plaintiff argues the Order Dismissing Complaint with Leave to Amend failed to consider Plaintiff's allegations of conspiracy, which Plaintiff argues constitutes an exception to absolute immunity. Dkt. 11 at 4-7. The Magistrate Judge found, however, Plaintiff failed to allege facts that any Defendant took actions outside their roles as public defenders, advocates for the state, judge, or court official that would make them state actors or negate their immunity. Plaintiff's conclusory allegations of agreement to conspire are insufficient to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (holding the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations"). Accordingly, Plaintiff has not set forth any grounds requiring that this Court modify or set aside any portion of the Order Dismissing Complaint with Leave to Amend.

# IV.
# **CONCLUSION**

IT IS THEREFORE ORDERED Plaintiff's Objection is OVERRULED and the May 25, 2018 Order Dismissing Complaint with Leave to Amend is AFFIRMED.

IT IS FURTHER ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies set forth in the May 25, 2018 Order Dismissing Complaint with Leave to Amend. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint

that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: June 27, 2018

*/s/ David O. Carter*
HONORABLE DAVID O. CARTER
United States District Judge

Presented by:

*/s/ Kenly Kiya Kato*
HONORABLE KENLY KIYA KATO
United States Magistrate Judge

5